### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | |
|---|---|
| IN RE: | § CASE NO. 10-13046-HCM |
| | § |
| GEORGE CLAUDIO RITACCO, | § |
| | § |
| DEBTOR(S). | § CHAPTER 7 PROCEEDING |

FILED
2011 FEB -1 A 11:09
U.S. BANKRUPTCY COURT
CLERK

| | |
|---|---|
| SEYED MOHSEN HASHEMI | § ADVERSARY No. |
|     Plaintiff | § |
| | § **11 - 1008. hcm** |
| v. | § |
| | § |
| GEORGE CLAUDIO RITACCO | § |
|     Defendant | § |
| | § |
| | § |

## TRESPASS TO TRY TITLE, FRAUD, BREACH OF FIDUCIARY DUTY, EXCEPTION TO DISCHARGE, AND/OR OBJECTION TO DISCHARGE

      **THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

      **IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

      **A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

      **NOW COMES** SEYED MOHSEN HASHEMI, hereinafter called Plaintiff,

complaining of and about GEORGE C. RITACCO, hereinafter called Defendant, and files

this cause of action and in support thereof, would show unto the Court the following:

1

1.     On October 28, 2010 a voluntary petition was filed initiating this case under Chapter 7 of the Bankruptcy Code. On October 28, 2010 Randolph N. Osherow was appointed Chapter 7 Trustee of Debtors' bankruptcy estate and continues to act in that capacity.

2.     Debtor fraudulently listed the real property on his Schedule A described as his homestead and commonly known as 501 Whitewater Drive, Bertram, Texas 78605, and listed it on Schedule C as such. Debtor fraudulently failed to disclose the existence of the partnership, which he at all times admitted in the State District Court action that had been on file and pending in the Burnet County District Court.  At no time during the pendency of the Burnet County litigation, did Debtor ever deny the existence of the partnership or the fact that the real property and residence constructed thereon were partnership assets.  Debtor had filed an affidavit and testified under oath in that state court proceeding as to the details of the partnership agreement. In the state court proceeding the Debtor continued to violate and ignore the Orders of the State District Judge concerning the completion, listing, marketing, and sale of this partnership asset, with the proceeds to be paid into the registry of the court pending the jury trial on the rights and duties of the partners and dissolution of the partnership asset and distribution of the proceeds from this contemplated sale of this residence more commonly known as 501 Whitewater Drive, Bertram, Texas 78605.  The State District Judge had the case set for a jury trial on November 1, 2010, and court ordered mediation between the parties for October 25, 2010, and a hearing on this Partner's pretrial motions for October 28, 2010.

3.     In bad faith, the Debtor failed and refused to respond to discovery, failed and refused to complete the construction of the residence, failed to timely list the property for sale, and in all ways violated other and further orders of the court in this regard; the Debtor then failed to attend the court ordered mediation on October 25, 2010; and failed to show up for the hearing

scheduled on October 28, 2010 (the Debtor only appeared at the first hearing in the state district court case on April 13, 2010 at the hearing on this Partner's request for a temporary injunction to continue the temporary restraining order in effect, and the Debtor failed to appear at any subsequent hearing in this state district court case). At the hearing on October 28, 2010, the state district judge struck the pleadings of Debtor. Shortly, thereafter at the urging of his lawyer, Jerry Rios, who was in communication with the Debtor by telephone, the Debtor filed this bad faith bankruptcy.

4.     Plaintiff has previously filed a proof of claim in this case, with all the relevant documents attached thereto; and said proof of claim and documents attached are incorporated herein by reference the same as if set forth at length.

5.     Plaintiff previously filed an objection to the homestead exemption in this case, along with numerous exhibits attached thereto; and said objection and supporting documents are incorporated herein by reference the same as if set forth at length.

6.     This bankruptcy filing was in bad faith and the Plaintiff takes exception to the notice filed by the U.S. Trustee because the Debtor not only failed to disclose the pending litigation in Burnet County District Court filed by Plaintiff against Debtor, Debtor also misrepresented his income, source of income, filed false tax returns for several years post-bankruptcy filing, failed to list his vehicles and other assets, failed to disclose the partnership, and did not list his attorney, Jerry Rios, as a creditor. The Debtor also gave false testimony under oath at the Creditor's Meeting. It is a crime to file false and fraudulent schedules, to make misrepresentations of material fact to the United States government, and to commit perjury all in furtherance of this fraud and breach of fiduciary duty. This bankruptcy filing was an attempt to defraud Plaintiff, as was the fraudulent correction warranty deed removing Plaintiff's name from

3

the Deed after the residence was constructed with Plaintiff's funds, and thereby deprive Plaintiff of the benefit of his investment.[1]

7.     On December 10, 2010 a Proof of Claim was filed by Seyed Mohsen Hashemi in the amount of $304,035.87 which he and his brother invested in this partnership and the purchase of the lot and construction of the residence on this lot, and he and his brother did in fact invest that sum into the property that Debtor listed as his homestead. This property is not and never was constructed as his personal residence and it is fraudulent to make such a knowingly false claim. This property is not exempt property. On January 14, 2011, Plaintiff filed an objection to the homestead exemption.

8.     The real property described as the Debtor's homestead is a partnership asset and is the product of a partnership agreement and never intended as a personal residence. The Debtor was allowed to live in the residence for the sole purpose of completing the construction and the State District Judge stated that the partnership was obtaining a benefit from the Debtor residing in the residence while it was being completed and placed on the market. All of these material facts appear on the record in the Burnet County District Court where the case is pending. The jury trial set for November 1, 2010 was disrupted by the bad faith filing of this bankruptcy on October 28, 1010, shortly after the trial court struck the Debtor's pleadings for his bad faith litigation tactics and failure to comply with court orders in that pending case.

9.     This court should investigate the unreported financial transfers and arrangements between this Debtor, including evidence of his bad faith litigation tactics, fraudulent behavior,

---

[1] Debtor has filed false statements of material fact in this court; has committed perjury during the creditor's meetings, which can be shown by sworn testimony and affidavits in the State District Court in comparison with the representations under oath in his schedules and his testimony at the creditor's meetings; had also not filed tax returns for years and between the date of the first creditor's meeting and the second creditor's meeting, this Debtor filed several false and fraudulent income tax returns; and Debtor has not ever reported his cash income from his roofing and construction business to the bankruptcy court, the trustee, or the IRS.

and aggravated perjury, and deny him a discharge, or allow the debt owed to Plaintiff to be excepted from discharge.

10. Plaintiff, SEYED MOHSEN HASHEMI files this action based upon the breach of contract, fraud, deceptive trade practices, and negligent infliction of emotional distress of Defendant. Plaintiff resides in Travis County, Texas.

11. Debtor/Defendant, GEORGE C. RITACCO (hereinafter called RITACCO) resides at 501 Whitewater Drive, Bertram, Texas 78605-4532 and has previously been served with process.

12. Plaintiff seeks a judicial or equitable lien on the following property to secure the full amount of the judgment entered in this cause: The real property and all improvements thereon more particularly described as LOT NO. THREE HUNDRED FIFTY (350), WHITEWATER SPRINGS, SECTION THREE (3), a private subdivision in Burnet County, Texas, as shown by Plat recorded in Plat Cabinet 2, Slide(s) 148A-149C, Plat Records, Burnet County, Texas, more commonly known as 501 Whitewater Drive, Bertram Texas.

13. Plaintiff has at all times sought to mitigate and prevent the overwhelming and irreparable damages suffered by Plaintiff as a direct and proximate result of the fraud, deception, violations of the deceptive trade practices act, breach of fiduciary duty, breach of duty of good faith and fair dealing, breach of contract, and other bad faith actions engaged in by RITACCO and others acting in concert with him. Plaintiff has acted in good faith and completely trusting and relying upon RITACCO throughout their business dealings and was not aware of the fraud, deception, and breach of fiduciary duty until a few weeks prior to RITACCO's attempts to sell the house in a "fire sale" after deceptively and fraudulently removing Plaintiff's name from the Deed, in an attempt to deprive Plaintiff of his investment in excess of $280,000.00. Thereafter, while

5

threatening to sell the house at the "fire sale" to the Wambles, RITACCO attempted to con and embezzle $150,000.00 from Plaintiff by claiming he was dying of cancer and needed the money for cancer treatment, and then by threat to sell the house and defraud Plaintiff of his investment. It was during this threat that Plaintiff first became aware that there was a title problem. At the time that Plaintiff made the down payment to purchase the lot upon which the house would be built, he was told that his name was on the Deed and was furnished with a copy of the Deed and the Title Policy showing that the lot was in his name. Plaintiff at all times relied upon the Deed and Title Policy and the word of RITACCO, his fiduciary.

14.    It was during discovery in the state court case that Plaintiff first learned of the fraud in the amounts that were paid for the construction of the house and the reasons why the costs over-runs were so high. The original agreement required an investment of $150,000 to construct the house; however, RITACCO kept going way over budget and that amount escalated to over $275,000.00 when Plaintiff finally cut him off. The original agreement anticipated 6 months to construct the house; however, RITACCO kept stringing out the work and prolonging the construction. Plaintiff now knows that RITACCO was having Plaintiff finance all his jobs and that RITACCO was using Plaintiff's fund to pay for labor and materials for other projects and that the over $125,000.00 was used on other projects for which RITACCO was paid in unreported income. A full audit shows that the house did only cost $150,000.00 to construct and the overage was due to the materials and labor for other projects that were billed to this project with utmost malice and fraud.

15.    Plaintiff has at all relevant times relied upon the fraudulent representations of material facts and promises and assurances that proved to be false that RITACCO and others have made indicating that Plaintiff owned the property in question with RITACCO and that the charges to the Plaintiff's credit card and other funds obtained from Plaintiff were for improvements on the subject property and the construction of the subject house.

16. The agreement was induced by fraud in breach of a fiduciary relationship and RITACCO should not be permitted to profit or benefit from his fraud. RITACCO should be ordered to repay all the funds that were utilized for other projects and RITACCO should not be allowed to retain the benefit of the bargain due to the fraud perpetrated on Plaintiff in violation of the fiduciary duty owed by RITACCO to Plaintiff.

17. RITACCO attempted to defraud Plaintiff out of his investment and used deceptive and fraudulent means in violation of the fiduciary duty he owed to secure a Deed without Plaintiff's name on it and made false representations of material fact to move into the real property and claimed it as his homestead to further defraud Plaintiff. RITACCO used fraudulent and deceptive means to coerce Plaintiff into giving him an additional $150,000.00 by claiming he had cancer and needed treatment. RITACCO used fraudulent and deceptive means to coerce Plaintiff into giving him an additional $150,000.00 by threatening to sell the property and house and keep all the proceeds to further defraud and extort money from Plaintiff.

18. On March 21, 2010, RITACCO threatened to sell the property in a "fire sale" on March 22, 2010 for $240,000.00, which is far less than Plaintiff is owed for his part of the investment. RITACCO has failed and refused to perform as agreed and is attempting to defraud Plaintiff in an amount in excess of $275,000.00, which Plaintiff invested in good faith believing the false representations, made by RITACCO. Plaintiff only invested the funds and performed based upon the promises, assurances, and commitments made by RITACCO. After litigation and discovery, it is clear that RITACCO did not invest any time or money in this project as he had represented and agreed. RITACCO was supposed to construct the improvements, but it is clear that he

fraudulently caused Plaintiff to pay subcontractors who performed the labor to construct the improvements. RITACCO also represented that he had invested around $20,000.00 in the purchase of materials for the improvements; however, it is now clear that representation was not true, either. RITACCO should be ordered to produce any and all written documents, receipts, or invoices proving any investment in the subject property or any improvements thereon. It has become clear to Plaintiff that he did not receive any benefit of this bargain and was tricked into paying for the full price of the purchase of the lot and all the improvements thereon.

19. Good cause exists for this Court to grant Plaintiff a judicial and equitable lien on the property to secure the entire amount of the Judgment entered in this cause or grant Plaintiff title to the said property if RITACCO is unable to produce any receipts or other proof of any investment in the property. Alternatively, good cause exists for this Court to enter an Order that will provide for the fair sale of the real property and residence at a fair market value by listing the property with a qualified realtor at a fair price. Good cause exist to enter an Order removing RITACCO from the subject property as his presence has been a real impediment to the showing of the property and he has engaged in wasting of the partnership asset and has failed and refused to complete the construction as represented to the state court judge in order to stay in possession of the property.

## FRAUD, FRAUDULENT INDUCEMENT, AND VIOLATIONS OF DECEPTIVE TRADE PRACTICES ACT

20. Plaintiff incorporates all previous paragraphs by reference the same as if set forth at length and by way of further support, Plaintiff will show that Plaintiff has fully

performed and kept his end of the bargain in all respects. Plaintiff has acted in good faith and has completely trusted his partner and friend, RITACCO, at all relevant times.

21.     RITACCO was a trusted and confidential friend and acted as a fiduciary for Plaintiff. Plaintiff contributed the $20,000.00 necessary to purchase the real estate and provided the financial wherewithal to construct the residence on the real property.

22.     At the time of the purchase of the real estate, RITACCO supplied Plaintiff with the Deed showing Plaintiff that the lot was in his name jointly with RITACCO.

23.     Plaintiff also saw the Deed as it was recorded, which showed that the lot was in his name jointly with RITACCO. RITACCO also provided Plaintiff with the Title Insurance Policy showing that the lot was in his name jointly with RITACCO.

24.     Plaintiff fully relied upon these instruments and the representations made by RITACCO, acting as a fiduciary, in investing over $275,000.00 in this real property and the residential improvement thereon. These instruments and the representations were the inducement that caused Plaintiff to invest these funds, and for RITACCO to now remove Plaintiff's name from the Deed will result in unjust enrichment for RITACCO and will defraud Plaintiff.

25.     The correction warranty deed is a fabricated fraud. RITACCO is guilty and liable for fraud in the inducement and subsequent bad faith and deceptive actions, including continuing acts of fraud and threats of financial injury and harm. As further evidence of the fraudulent inducement, fraud, and violations of the deceptive trade practices act, and fraudulent intent, RITACCO is attempting to coerce Plaintiff into paying an additional $150,000.00 to RITACCO or suffer the loss of his investment. On March 21, 2010,

RITACCO told Plaintiff that if he did not sign a contract to pay RITACCO the demanded $150,000.00, he would sell the subject property on March 22, 2010 for $240,000.00.

26.    Plaintiff is suffering extreme financial stress, mental anguish, and emotional distress due to these actions of RITACCO and Plaintiff has been forced to work three jobs to continue to service the debt on this investment. Plaintiff has a wife and three children and RITACCO has no other financial obligations.    RITACCO continues to live in the improvements on the property completely rent free and waste the asset.

27.    RITACCO has breached the agreement, breached the fiduciary duty owed, breached the duty of good faith and fair dealing, and is now attempting to defraud Plaintiff with a bad faith bankruptcy filing.

28.    Plaintiff fully and completely performed under the agreement, however, RITACCO is failing and refusing to perform as agreed and as owed under the laws of this State and has not performed any of the duties and obligations he represented and promised he would when he induced Plaintiff to invest over $275,000.00.    Plaintiff seeks treble damages under the Texas Deceptive Trade Practices Act as well as punitive and exemplary damages due to the fraudulent inducement, fraud, breach of fiduciary duty, and breach of the duty of good faith and fair dealing.

## DECLARATORY JUDGMENT

29.    Plaintiff files this suit for declaratory judgment pursuant to Section 37.011 of the Texas Civil Practices and Remedies Code, and requests that this court declare the rights of the parties in, to, and under the contract in question.    Plaintiff incorporates all previous paragraphs by reference the same as if set forth at length and by way of further

support, Plaintiff will show that RITACCO is deliberately and intentionally breaching the agreements and contracts. Plaintiff prays for attorney's fees and court costs in having to bring and present this action for declaratory relief.

## FRAUD IN THE INDUCEMENT

30.    Plaintiff incorporates all previous paragraphs by reference the same as if set forth at length and by way of further support, Plaintiff will show that Plaintiff gave RITACCO $20,000.00 for the purchase of the real property based upon the commitment, representations, and promises of RITACCO that they would own it together and that they would construct a residential improvement on the property for sale at a profit. This was an investment property and was not ever intended as the homestead residence of either party.

31.    Following the closing, RITACCO furnished Plaintiff with a copy of the Deed that reflected both names as co-owners.

32.    Thereafter, Plaintiff continued to invest in the project based solely upon the belief in and trust towards RITACCO as a friend, confidant, and fiduciary.

33.    RITACCO failed to timely complete the project and in June 2009 decided to move onto the property for the purpose of finally getting it completed and listed on the market for sale.

34.    During this time frame, the previous owners, MARCUS L. WAMBLE and LORETA WAMBLE, (hereinafter referred to as WAMBLE), began discussions with RITACCO to repurchase the property at a greatly reduced price.

35.    Plaintiff did not agree to the price because he would not get any return on his investment and would actually lose his investment. RITACCO apparently decided to do it anyway and secretly positioned himself to steal the property from Plaintiff and take the entire proceeds from the "fire sale" and leave Plaintiff without any remedy.

36.    RITACCO then demanded that Plaintiff buy out his interest for $150,000.00, or he would sell the property for $240,000.00 to a third party in a "fire sale".

37.    This tactic was intended to, and did in fact, cause extreme emotional distress and mental anguish for Plaintiff and his family. RITACCO's failure and refusal to perform led to irreparable damages and losses far in excess of $275,000.00 and has intentionally caused extreme emotional distress and mental anguish.

## DECEPTIVE TRADE PRACTICES ACT

38.    Plaintiff incorporates all previous paragraphs by reference the same as if set forth at length and by way of further support, Plaintiff will show that RITACCO repeatedly engaged in deceptive trade practices throughout this Transaction. RITACCO engaged in the following fraudulent and misleading actions:

(1) representing that goods or services have sponsorship approval, characteristics, ingredients, uses, benefits, or quantities, which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection, which he does not; and

(2) representing that an agreement confers or involves rights, remedies, or obligations, which it does not have or involve, or which are prohibited by law.

39. All of the above and foregoing induced Plaintiff into entering into a contract that he would not have entered into had the true facts, circumstances, terms, conditions, and agreements been known or made known to him. The same acts of fraud, deception, and misrepresentations have caused Plaintiff economic damage, harm, and loss. For these violations, Plaintiff also seeks the recovery of damages, treble damages, attorney's fees, and court costs.

## BREACH OF CONTRACT

40. Plaintiff incorporates all previous paragraphs by reference the same as if set forth at length and by way of further support, Plaintiff will show that Plaintiff has been close and confidential friends with RITACCO for years and when RITACCO approached him about this partnership arrangement, he had no reason to doubt or distrust him. RITACCO was well aware of the absolutely trust and complete confidence Plaintiff reposed in him.

41. Plaintiff has made repeated attempts and efforts to resolve these significant and material breaches by RITACCO in an amicable fashion.

42. The facts and breach of contract were fully set forth in the state court pleadings because this was a partnership investment based upon clear terms and conditions, which were subsequently breached by RITACCO.

43. Even though Plaintiff fully performed under the stated terms and conditions of the agreement, RITACCO failed and refused to perform as he had represented, promised, and assured Plaintiff that he would.

## FRAUD

44.     Plaintiff incorporates all previous paragraphs by reference the same as if set forth at length and by way of further support, Plaintiff will show that RITACCO engaged in acts of fraud in order to induce Plaintiff to enter into this agreement without providing the benefit of the bargain.  RITACCO has repeatedly made material misrepresentations of fact concerning the terms and conditions of this agreement knowing that these representations were not true and knowing that Plaintiff was substantially relying upon these representations.  Plaintiff significantly changed his position based upon a belief that these material representations were true and correct.  The representations were false and RITACCO made these representations without any intention of performing as agreed or doing as promised.  RITACCO made representations without any intention of keeping his promises and made representations knowing that they were false.

45.     All facts supporting this cause of action are set forth hereinabove and in the affidavit attached hereto, and incorporated herein by reference the same as if set forth at length.

46.     Due to the fraud committed by RITACCO as more fully set forth hereinabove, Plaintiff is entitled to recover exemplary or punitive damages for which Plaintiff now prays.

## NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND MENTAL ANGUISH

47.     Plaintiff incorporates all previous paragraphs by reference the same as if set forth at length and by way of further support, Plaintiff will show that RITACCO has

14

negligently and/or intentionally inflicted emotional distress and mental anguish on Plaintiff and his family.

48.     All facts supporting this cause of action are set forth hereinabove. RITACCO has negligently and/or intentionally inflicted severe emotional distress and mental anguish by failing and refusing to perform as agreed, and there is no good faith reason for his failure and refusal to perform as agreed.

49.     Due to the acts and omissions by RITACCO that resulted in the negligent and/or intentional infliction of emotional distress and mental anguish as more fully set forth hereinabove, Plaintiff is entitled to recover exemplary or punitive damages for which Plaintiff now prays.

## UNJUST ENRICHMENT AND EQUITABLE RESCISSION

50.     Plaintiff incorporates all previous paragraphs by reference the same as if set forth at length and by way of further support, Plaintiff will show that RITACCO has been unjustly enriched by these actions and obtained this benefit by fraud and false pretenses.

51.     Plaintiff is entitled to the equitable remedy of rescission to prevent the unjust enrichment of RITACCO, and Plaintiff hereby requests that this Court, upon hearing and trial, grant him the equitable remedy of rescission and that this Court set aside any and all fraudulent agreements or terms and conditions between the parties that were not fair, equitable, or reasonable and order RITACCO to refund and restore all funds and money obtained by fraud, false pretenses, or misrepresentations, or alternatively, grant Plaintiff title in and to the said property.  RITACCO should not be

permitted to retain the benefit of his fraud and deception or from his breaches of fiduciary duty as this would result in unjust enrichment to RITACCO at the expense of Plaintiff and his family.

52.     All facts supporting this cause of action are set forth herein above. Plaintiff is entitled to the remedy of equitable rescission and title to the property due to the debt owed in order to prevent the unjust enrichment of RITACCO for his fraudulent and deceptive acts.  Plaintiff continues to pray for exemplary and/or punitive damages as provided by statute and law.


## DISGORGEMENT

53.     Plaintiff incorporates all previous paragraphs by reference the same as if set forth at length and by way of further support, Plaintiff will show that RITACCO has benefited unfairly and unjustly by his fraudulent, deceptive, and misleading actions.

54.     Plaintiff is entitled to the equitable remedy of disgorgement and Plaintiff hereby requests that this Court, upon hearing and trial, grant him the equitable remedy of disgorgement and that this Court set aside any and all fraudulent agreements or terms and conditions between the parties that were not fair, equitable, or reasonable; and order RITACCO to refund and return the money obtained by fraud, false pretenses, or misrepresentations.

55.     All of RITACCO's assets are subject to the equitable remedy of disgorgement, which is the forced relinquishment of all benefits that would be unjust for RITACCO to retain, including all ill-begotten gains, benefits or profits. RITACCO should be ordered to disgorge all monies secured by deception and fraud, together with all the proceeds, profits, income, interest, and accessions thereto. Such disgorgement should be for the benefit of Plaintiff.

56.     All facts supporting this cause of action are set forth hereinabove. Plaintiff is entitled to the equitable remedy of disgorgement and to recover exemplary or punitive damages for which Plaintiff now prays.

## CONSTRUCTIVE TRUST

57.     Plaintiff incorporates all previous paragraphs by reference the same as if set forth at length and by way of further support, Plaintiff will show that a constructive trust should be placed on all of RITACCO's funds and assets in favor of Plaintiff until this Court determines the appropriate amount of actual, consequential, exemplary, punitive, and treble damages, restitution, and disgorgement. RITACCO has engaged in unlawful acts and practices, obtained money and other property from Plaintiff to whom such money and property should be restored, including but not limited to all sums of money paid by Plaintiff on this project.

58.     All facts supporting this cause of action are set forth hereinabove. Plaintiff is entitled to a constructive trust on all assets and funds of Defendants and to recover exemplary or punitive damages for which Plaintiff now prays.

## FIDUCIARY DUTY AND DUTY OF GOOD FAITH AND FAIR DEALING

59.     Plaintiff incorporates all previous paragraphs by reference the same as if set forth at length and by way of further support, Plaintiff will show that the RITACCO owed Plaintiff a fiduciary duty, which is the highest legal duty owed under the law. RITACCO breached the fiduciary duty owed to Plaintiff and breach the duty of good faith and fair dealing that he owed to Plaintiff as more fully set forth herein. Further, RITACCO has continued to breach the fiduciary duty and duty of good faith and fair dealing by engaging in economic coercion, economic terrorism, conversion, lies and deception.

60.     All facts supporting this cause of action are set forth hereinabove. Plaintiff is entitled to recover for the breach of fiduciary duty owed by RITACCO to Plaintiff and the breach of good faith and fair dealing owed by RITACCO to Plaintiff, and Plaintiff is entitled to recover exemplary or punitive damages for which Plaintiff now prays.

## FIDUCIARY DUTY AND DUTY OF FAIR AND REASONABLE DISCLOSURE

61.     Plaintiff incorporates all previous paragraphs by reference the same as if set forth at length and by way of further support, Plaintiff will show that the RITACCO owed Plaintiff a fiduciary duty, which is the highest legal duty owed under the law. RITACCO breached the fiduciary duty owed to Plaintiff and breach the duty of fair and reasonable disclosure by RITACCO's failure to timely disclose the fact that Plaintiff's

18

name had been removed from the Deed. Plaintiff at all times relied upon the material representations of RITACCO that Plaintiff was on the Deed. At no time did RITACCO advise or warn Plaintiff that his investment was at risk or that he was not secured by having title to the property, and these failures to timely disclose, deprived Plaintiff of a legal right to correct, remedy, or cure any alleged defect, deficiency, or inadequacy in the Deed. RITACCO never informed, warned, or disclosed that Plaintiff's name had been removed from the Deed. RITACCO breached the fiduciary duty owed to Plaintiff and breached the duty of reasonable disclosure and thereby deprived Plaintiff of a fair and reasonable notice and opportunity to cure, remedy, and correct.

62.     All facts supporting this cause of action are set forth hereinabove. Plaintiff is entitled to recover for the breaches of fiduciary duty and breaches of duty of reasonable disclosure and Plaintiff is entitled to recover exemplary or punitive damages for which Plaintiff now prays.


## DAMAGES FOR PLAINTIFF

63.     As a direct and proximate result of the occurrences made the basis of this lawsuit, Plaintiff was caused to suffer damages as more fully set forth hereinabove and other damages in excess of $300,000.00, needless anxiety, stress, panic, fright, frustration, severe emotional distress, and mental anguish, as a direct and proximate result of RITACCO's negligent acts and failures to act and gross negligence and intentional fraud.

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, SEYED MOHSEN HASHEMI has incurred the following damages:

1. The sum of at least $275,000..00;

2. Loss of business opportunities;

3. Loss of credit and financing;

4. Loss of credit rating and increase in interest rate charged by third-parties

5. Increased rate of interest charged and paid for financing of partnership investment;

6. Damages resulting from breach of fiduciary relationship, breach of duty of good faith and fair dealing, breach of duty to reasonably disclose, breach of duty to allow reasonable and good faith notice and opportunity to cure or remedy,

11. Mental anguish in the past;

7. Mental anguish in the future;

8. Emotional distress in the past;

9. Emotional distress in the future;

10. Taxable court costs;

11. Reasonable and Necessary Attorney's Fees; and

12. Plaintiff requests an award of expenses, expert witness fees, treble damages, and exemplary damages, punitive damages, together with prejudgment interest and post-judgment interest at the full legal rate.

64. By reason of all of the above, Plaintiffs have suffered losses and damages in a sum in excess of the minimum jurisdictional limits of the Court and for which this lawsuit is brought. Plaintiff seeks recovery of treble damages under the Texas Deceptive Trade Practices Act. Plaintiff seeks recovery of attorney's fees and court costs under the

Declaratory Judgment Act and the Texas Deceptive Trade Practices Act. Plaintiff seeks recovery of punitive or exemplary damages due to the fraud in the inducement, fraud, deception, intentional infliction of emotional distress, and gross negligence involved in this case. Plaintiff does not intend to make an election of remedies because the damages due to the intentional infliction of emotional distress are separate and distinct from the breach of contract damages, and separate and distinct from the damages caused by the fraud. Thus, this is not a double recovery for the same injury as the injuries are multiple and compounding, and do not arise out of one single event or transaction, but are separate and independent causes of injury and harm. Therefore, Plaintiff seeks recovery on all causes of action and seeks recovery jointly and severally from all Defendants, named and unnamed who are liable and responsible for the acts and omissions more fully set forth hereinabove.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, SEYED MOHSEN HASHEMI, respectfully prays that GEORGE C. RITACCO be cited to appear and answer herein, and that upon a final hearing of the cause, the court determine and declare the rights, duties, and obligations of the parties under the contract and under the law, judgment be entered for the Plaintiff against Defendant/Debtor; that the Court declare that the contract or partnership agreement was secured by fraud and gross misrepresentations of material fact, and that the partnership agreement and contract should therefore be set aside for fraud, order equitable rescission to prevent unjust enrichment and declare Plaintiff to be the rightful and legal owner of said property and improvements, order disgorgement, impose a constructive trust on the property and all assets of Defendant/Debtor for satisfaction of the judgment in

this cause, and enter judgment for damages in an amount within the jurisdictional limits of the Court; damages, treble damages, exemplary and/or punitive damages, and attorney's fees under Section 17.46 *et seq* Texas Business & Commerce Code; damages, costs and attorney's fees under Section 37.011 of the Tex Civ. Prac. & Rem. Code, treble damages under Section 17.46 of the Texas Business and Commerce Code; exemplary and/or punitive damages, under Section 41.001, *et seq*, Chapter 41, Tex. Civ. Prac. & Rem. Code and Section 71.009 Tex. Civ. Prac. & Rem. Code, as addressed to each Defendant per Section 41.006, Chapter 41, Tex.Civ.Prac. & Rem. Code, excluding interest, and as allowed by Sec. 41.003 and Sec. 41.008, Chapter 41, Tex.Civ.Prac.& Rem. Code; together with pre-judgment interest (from the date of damages/injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, or as per the Finance Code Sections 304.101 *et seq* and 304.001; costs of court; and for such other and further relief to which the Plaintiff may be entitled at law or in equity.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that this Honorable Court issue an Order denying the Debtor's requested discharge, or grant an exception to discharge with respect to the debt owed to Plaintiff, grant this motion, and order the Debtor to pay the partnership or the Estate the reasonable value of the rent due for his continued occupancy in the partnership asset and his bad faith filing of this bankruptcy solely to circumvent the jurisdiction of the State District Judge and escape that court's orders, forestall the enforcement of those orders and the sale of the partnership asset, and delay the jury trial. This court should order an investigation into the fraud, perjury, and other criminal behavior, hidden assets, unreported cash

income, and financial transfers and make the appropriate recommendations to the U.S. Trustee's Office and U.S. Marshalls for prosecution.

Respectfully submitted this 1st day of February 2011.

SEYED MOHSEN HASHEMI
5900 Tributary Ridge Drive
Austin, Texas 78759
(512) 786-3741

State of Texas     }

County of Travis     }

## VERIFIED AFFIDAVIT

  BEFORE ME, the undersigned authority, on this day personally appeared SEYED MOHSEN HASHEMI, who upon oath, stated that he is making this Affidavit and that the information provided is true and correct. Plaintiff states the following:

  **1.**  Plaintiff is competent to state the matters set forth herein.

  **2.**  Plaintiff has knowledge of the facts stated herein.

  **3.**  All the facts herein are true, correct and complete, not misleading, to the best of Plaintiffs knowledge and belief, and admissible as evidence, and if called upon as a witness, Plaintiff will testify to their veracity.

  DATED: the 1st day of February 2011.

BY: _____
    SEYED MOHSEN HASHEMI

ACKNOWLEDGMENT

SWORN TO AND SUBSCRIBED BEFORE ME ON February 1, 2011.

_____
NOTARY PUBLIC, State of Texas



CHRISTOPHER JEROME BARTLETT
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
03-11-2014

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

IN RE: § CASE NO. 10-13046-HCM
§
**GEORGE CLAUDIO RITACCO,** §
§
**DEBTOR(S).** § CHAPTER 7 PROCEEDING

## CERTIFICATE OF MAILING

The undersigned hereby certifies that a true and correct copy of CREDITOR'S OJECTION TO

EXEMPTION was served by U.S. first class mail, postage prepaid upon the following parties in

interest this 1ST day of February 2011:

George Claudio Ritacco
501 White Water Drive
Bertram, TX 78605

Debtor(s) Pro Se

U.S. Trustee
903 San Jacinto #230
Austin, Texas 78701

RANDOLPH N. OSHEROW, Chapter 7 Trustee
Texas State Bar No. 15335500
342 W. Woodlawn, Suite 100
San Antonio, Texas 78212
(210) 738-3001 - Telephone
(210) 737-6312 - Telefax
rosherow@hotmail.com

_____
Seyed Mohsen Hashemi
5900 Tributary Ridge Dr.
Austin, TX 78759

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>SEYED MOHSEN HASHEMI | **DEFENDANTS**<br>GEORGE CLAUDIO RITACCO |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>— | **ATTORNEYS** (If Known)<br>— |

**PARTY** (Check One Box Only)
- ☐ Debtor
- ☐ U.S. Trustee/Bankruptcy Admin
- ☑ Creditor
- ☐ Other
- ☐ Trustee

**PARTY** (Check One Box Only)
- ☐ Debtor
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Creditor
- ☐ Other
- ☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Breach of partnership agreement and dispute over partnership asset. Fraud, breach of fiduciary relationship.

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge** 4½
- ☑ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims  1
- ☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☑ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny  2

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – reinstatement of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**  3
- ☑ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

FILED
FEB 1 2011
U.S. BANKRUPTCY COURT
BY _____ DEPUTY

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ 305,000 plus legal fees & court costs |

Other Relief Sought
Title to Real property and exception of debt from discharge.

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR *George Claudio Ritacco* | | BANKRUPTCY CASE NO. *10-13046-hcm* |
| DISTRICT IN WHICH CASE IS PENDING *Western - Austin* | DIVISIONAL OFFICE *Austin* | NAME OF JUDGE *H. Christopher Mott* |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF *Seyed Mohsen Hashemi* | DEFENDANT *George Claudio Ritacco* | ADVERSARY PROCEEDING NO. *11-01008-hcm* |
| DISTRICT IN WHICH ADVERSARY IS PENDING *Western* | DIVISIONAL OFFICE *Austin* | NAME OF JUDGE *H. Christopher Mott* |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *Seyed Mohsen* | | |
| DATE *2-1-11* | PRINT NAME OF ATTORNEY (OR PLAINTIFF) *SEYED MOHSEN HASHEMI* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.